T.C. Memo. 2001-234

UNITED STATES TAX COURT

BEALS BROS. MANAGEMENT CORP., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10871-99R.                    Filed September 6, 2001.

<u>David R. Rhein</u>, for petitioner.

<u>Michael J. Roach</u> and <u>James S. Stanis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Respondent determined that the employee stock

ownership plan (MGMT ESOP) operated by petitioner did not meet

the requirements of section 401(a)(3) or (4)[1] for its plan year

---

[1] Unless otherwise indicated, section references are to
sections of the Internal Revenue Code in effect for the years in
issue.  Rule references are to the Tax Court Rules of Practice
and Procedure.

ended June 30, 1987, and subsequent years.  Respondent also determined that the trust that constituted a part of the MGMT ESOP was consequently not exempt from taxation under section 501(a) for the same years.  Following these determinations, respondent revoked a favorable determination letter previously issued to petitioner with respect to the MGMT ESOP.

Petitioner timely invoked the Court's jurisdiction under section 7476.  Petitioner seeks a declaratory judgment that respondent erred in his determination that the MGMT ESOP does not meet the requirements of section 401.  We hold that respondent did not err as averred.

## FINDINGS OF FACT[2]

When the petition was filed, petitioner maintained a principal place of business in Des Moines, Iowa.  Petitioner was incorporated to provide management and advisory services to Beals Brothers Manufacturing Co. (MFG).  At all relevant times, petitioner's officers and directors consisted of one or more of the following persons:  Richard Faye Beals, Donald Wayne Beals, Fay J. Beals (collectively, the Bealses), and Gayle D. Isaac (collectively with the Bealses, the management officers).  Petitioner had no other officers or employees during that time.

---

[2] Some of the facts have been stipulated and are so found. The exhibits accompanying the stipulation of facts and the stipulated administrative record are incorporated by this reference.

Nor during that time did petitioner pay its officers any compensation.

Petitioner established the MGMT ESOP on February 1, 1987. By way of a trust agreement of the same day, petitioner also established under Iowa law a trust (ESOT) that was part of the MGMT ESOP. Under the MGMT ESOP, petitioner made contributions to the ESOT for the purpose of distributing the trust's corpus and income to petitioner's employees or their beneficiaries in accordance with the MGMT ESOP. Under the trust agreement, the ESOT's corpus and income could not be used for purposes other than the exclusive benefit of petitioner's employees or their beneficiaries. At all relevant times, the only participants of the MGMT ESOP were the management officers.

The MGMT ESOP owned all of petitioner's stock as of June 30, 1987.

On July 8, 1987, petitioner purchased all of the stock of MFG from its then-current shareholders. MFG is an Iowa corporation engaged in the business of manufacturing wood products. MFG operates a sawmill and manufactures commercial packaging wood products, such as pallets and crating materials. It also finishes graded lumber used for the construction of furniture and other finished items. During MGMT ESOP's plan year ended June 30, 1987, MFG had at least 45 employees, 39 of whom were part time and at least 6 of whom were full time. The full-

time employees included the Bealses, Jeffrie Beals, Jack D. Richard, and Daryl W. Sable.  During MGMT ESOP's plan year ended June 30, 1988, MFG had 43 employees, 36 of whom were part time and 7 of whom were full time.  The full-time employees were the management officers, Jeffrie Beals, Jack D. Richard, and Daryl W. Sable.

## OPINION

Respondent argues that the MGMT ESOP failed to meet the requirements of:  (1) Section 401(a)(3) (a plan must satisfy the minimum participation standards of section 410), (2) section 401(a)(4) (contributions to and benefits of a plan may not discriminate in favor of highly compensated employees), and (3) section 415 (contributions may not exceed a certain percentage of compensation.)  Only the first two grounds were mentioned specifically in the notice of revocation.  Because we agree with respondent that the MGMT ESOP does not meet the requirements of section 401(a)(3) for plan years ended June 30, 1987, and thereafter, we do not consider the other arguments which respondent has advanced to support his determination.[3]  Petitioner bears the burden of going forward and the burden of persuasion in disproving respondent's determinations.  Rule 217(c)(1)(A).

---

[3] On brief, petitioner did not address respondent's argument that MFG and MGMT were members of a controlled group.

In relevant part, section 401(a) provides:

> SEC. 401(a). Requirements for Qualification.--A trust created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section--
>
>    *     *     *     *     *     *     *
>
>      (3) if the plan of which such trust is a part satisfies the requirements of section 410 (relating to minimum participation standards); * * *

Section 410(b)(1)(A), as applicable for plan years beginning before January 1, 1989,[4] generally provided that a trust was not a qualified trust under section 401(a) unless the trust benefited either 70 percent or more of all employees or 80 percent or more of the employees who were eligible to benefit under the plan if 70 percent or more of all the employees were eligible to benefit under the plan.[5] Section 414(b) and (m) provides:

---

[4] The coverage requirement under sec. 410(b) was amended by the Tax Reform Act of 1986 (TRA), Pub. L. 99-514, sec. 1112(a) and (e), 100 Stat. 2440, 2445, effective for plan years beginning after Dec. 31, 1988.

[5] Sec. 410(b)(1)(B), as in effect before the enactment of the TRA amendments in 1986, provided that a plan can alternatively meet the coverage requirements by benefiting such employees as qualify under a classification set up by the employer and found by the Secretary not to be discriminatory in favor of employees who are officers, shareholders, or highly compensated. Such provision is not relevant here inasmuch as there is no evidence that petitioner set up a separate classification of employees to be covered by the MGMT ESOP or that the Secretary approved any such designation as nondiscriminatory.

SEC. 414(b).  Employees of Controlled Group of Corporations.--<u>For purposes of sections 401</u>, 408(k), <u>410</u>, 411, 415, and 416, <u>all employees of all corporations which are members of a controlled group of corporations</u> (within the meaning of section 1563(a), determined without regard to section 1563(a)(4) and (e)(3)(C)) <u>shall be treated as employed by a single employer</u>. With respect to a plan adopted by more than one such corporation, the applicable limitations provided by section 404(a) shall be determined as if all such employers were a single employer, and allocated to each employer in accordance with regulations prescribed by the Secretary.  [Emphasis added.]

\*     \*     \*     \*     \*     \*     \*

(m) Employees of an Affiliated Service Group.

(1) In general.--For purposes of the employee benefit requirements listed in paragraph (4), except to the extent otherwise provided in regulations, <u>all employees of the members of an affiliated service group shall be treated as employed by a single employer</u>.

\*     \*     \*     \*     \*     \*     \*

(4) Employee benefit requirements.--<u>For purposes of this subsection, the employee benefit requirements listed in this paragraph are</u>--

(A) paragraphs (3), (4), (7), and (16) of section 401(a),

(B) sections 408(k), <u>410</u>, 411, 415, and 416,

\*     \*     \*     \*     \*     \*     \*

(5) Certain organizations performing management functions.--For purposes of this subsection, the term "affiliated service group" also includes a group consisting of--

(A) an organization the principal business of which is performing, on a regular and

continuing basis, management functions for 1 organization (or for 1 organization and other organizations related to such 1 organization), and

(B) the organization (and related organizations) for which such functions are so performed by the organization described in subparagraph (A).

For purposes of this paragraph, the term "related organizations" has the same meaning as the term "related persons" when used in section 144(a)(3).

(6) Other definitions.--For purposes of this subsection--

(A) Organization defined.--The term "organization" means a corporation, partnership, or other organization.

(B) Ownership.--In determining ownership, the principles of section 318(a) shall apply. [Emphasis added.]

Respondent argues that the MGMT ESOP failed to meet the minimum participation standards mandated by section 410 beginning with its plan year ended June 30, 1987. Respondent relies on MGMT's affiliation with MFG and the special rules contained in section 414. Generally, in the case of affiliated service groups and controlled groups, section 414 requires that all employees of the members of the group be treated as employed by a single employer for the purpose of the section 410 minimum participation standards. Sec. 414(b), (m).

In the plan year ended June 30, 1987, respondent determined that MGMT and MFG were members of an affiliated group. Section 414(m)(5) provides that an affiliated service group includes a group consisting of an organization the principal business of which is performing, on a regular and continuing basis, management functions for one organization and the one organization for which such management functions are provided. The parties stipulate that MGMT was established on February 1, 1987, to provide management services to MFG. Respondent determined MFG and MGMT were members of an affiliated service group, and petitioner introduced no evidence that would indicate that the determination was incorrect. Indeed, petitioner even acknowledges on brief that the record is barren of any evidence as to the nature of petitioner's principal business or business activities. We sustain respondent's determination that petitioner and MFG were members of an affiliated service group for the year ended June 30, 1987. As a consequence, section 410 applies as if MFG and petitioner were a single employer. For that plan year, only four of six (66.6 percent) of the eligible employees were covered by the MGMT ESOP. Because less than 70 percent of the combined employees of petitioner and MFG were participants in the MGMT ESOP, the MGMT ESOP did not satisfy the requirements of section 410(b).

In plan years after June 30, 1987, petitioner owned all of the issued shares in MFG. Therefore petitioner and MFG are members of a controlled group,[6] and the provisions of section 410 again apply as if MFG and petitioner were a single employer. See, e.g., Achiro v. Commissioner, 77 T.C. 881, 906 (1981). The combined number of eligible employees of the two companies was seven for the plan year commencing July 1, 1987. The MGMT ESOP covered only four of seven (57.1 percent) of the eligible employees. Because less than 70 percent of the combined employees of petitioner and MFG were participants in the MGMT

---

[6] The definition of a controlled group for these purposes is contained in sec. 1563(a). Sec. 1563(a) in relevant part provides:

SEC. 1563(a). (a) Controlled Group of Corporations.-- For purposes of this part, the term "controlled group of corporations" means any group of--

(1) Parent-subsidiary controlled group.--One or more chains of corporations connected through stock ownership with a common parent corporation if--

(A) stock possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of stock of each of the corporations, except the common parent corporation, is owned (within the meaning of subsection (d)(1)) by one or more of the other corporations; * * *

ESOP, the MGMT ESOP did not satisfy the requirements of section 410(b).

We conclude that respondent's revocation of the MGMT ESOP's qualification was justified.[7]  We note in passing that two or more plans may sometimes be aggregated so that the number of participants benefiting in both plans may be taken into consideration when determining whether minimum participation standards have been met.  Sec. 410(b)(6)(B).  Petitioner has failed to produce credible evidence that the MGMT ESOP can be aggregated with the MFG ESOP for this purpose.  Nor has petitioner produced, and the record does not contain, evidence that would support a conclusion that the MGMT ESOP would qualify for subsequent plan years.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[7] Our holding complies with the intent of Congress in enacting sec. 414(b) as expressed in H. Rept. 93-779, at 49 (1974), 1974-3 C.B. 244, 292:

> The committee, by this provision, intends to make it clear that the coverage and antidiscrimination provisions cannot be avoided by operating through separate corporations instead of separate branches of one corporation.  For example, if managerial functions were performed through one corporation employing highly compensated personnel, which has a generous pension plan, and assembly-line functions were performed through one or more other corporations employing lower-paid employees, which have less generous plans or no plans at all, this would generally constitute an impermissible discrimination.* * *